## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                          **Case No: 8:00-cr-196-T-27JSS**

**OSVALDO RUBIO**

_____ /

## <u>ORDER</u>

    **BEFORE THE COURT** are Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Dkt. 179), and the United States of America's response in opposition (Dkt. 181). Upon consideration, the motion is **DENIED**.

    After a jury trial, Rubio was convicted of conspiracy to possess with the intent to distribute approximately 1000 grams of cocaine (Count One), and possession with the intent to distribute 1000 grams or a mixture of substance containing detectable amounts of cocaine (Count Two). (Dkt. 106). He was sentenced to concurrent terms of 327 months, followed by four years of supervised release. (Dkts. 119, 120). The Eleventh Circuit Court of Appeals affirmed his convictions and sentence. *United States v. Rubio*, 317 F.3d 1240 (11th Cir. 2003); (Dkts. 121, 138). His motion to vacate under 28 U.S.C. § 2255 was dismissed, and the Eleventh Circuit affirmed the dismissal. (Dkt. 143). His subsequent motions to vacate his sentence and convictions were denied. (Dkts. 148, 149); *Rubio v. United States*, Case No. 8:09-cv-731-T-27EAJ, ECF: 2; *Rubio v. Warden, FCC Coleman USP*, Case No. 5:10-cv-347-Oc-10TBS, ECF: 20. And his motion for a reduction in sentence based on Amendment 782 was denied. (Dkt. 164).

    Rubio seeks a reduction in sentence based on what he contends are "extraordinary and compelling reasons." (Dkt. 179). He asserts that he is "67 years old, has served over 19 years of his sentence, and suffers from medical conditions that increase his risk for severe illness from COVID-19." (Id. at 1). Specifically, he asserts that he "suffers from obesity," has been "diagnosed

1

with hypertension and asthma, and has a history of smoking." (Id. at 6). He contends that these conditions, combined with his age, "place him at particular risk from COVID-19, and his incarceration enhances that risk." (Id. at 11). The United States opposes the motion because Rubio has not established extraordinary and compelling circumstances, the Bureau of Prisons (BOP) "has implemented a COVID-19 action plan to minimize the risk of transmission into and throughout its facilities," and the § 3553(a) factors do not support a reduction in his sentence. (Dkt. 181). Upon review, Rubio's motion is due to be denied.

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to seek compassionate release after fully exhausting administrative remedies available to him following the failure of the BOP to bring a motion on his behalf, or 30 days after the warden receives the request to bring such a motion, whichever is earlier. *See* First Step Act of 2018, § 603(b).[1] Rubio provides documentation reflecting that he filed a request with the prison to bring a motion for compassionate release on his behalf more than 30 days ago. (Dkt. 179-1 at 5). That request, and his administrative appeal, were denied. (Id. at 2-3). In both denials, the facility administrator found Rubio ineligible for compassionate release due to an Immigration and Customs Enforcement (ICE) detainer. (Id.). Notwithstanding, the United States concedes, and this Court agrees, that the merits of Rubio's request should be considered.[2] (Dkt. 181 at 10).

While the First Step Act provides for a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing

---

[1] The exhaustion requirement cannot be waived. *See, e.g.*, *United States v. Smith*, No. 8:17-cr-412-T-36, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020) (finding that the court "does not have the authority to excuse the exhaustion or lapse requirement in § 3582(c)(1)(A), even in the midst of the COVID-19 pandemic").

[2] Although the parties do not address the effect of the ICE detainer on Rubio's eligibility for compassionate release, there is no regulatory, statutory or judicial authority rendering an inmate with an immigration detainer ineligible for compassionate release. *See, e.g.*, *United States v. Pompey*, No. CR 97-0638 RB, 2020 WL 3972735, at *5 (D.N.M. July 14, 2020) (finding the court may grant a motion for "compassionate release and order immediate release from BOP custody to ICE").

Commission promulgated its policy statement in U.S.S.G. § 1B1.13. The application notes to § 1B1.13 list four circumstances as extraordinary and compelling under § 3582(c)(1)(A): (A) a serious medical condition; (B) advanced age and deteriorating health; (C) family circumstances; and (D) an extraordinary and compelling reason other than, or in combination with, (A)-(C), as determined by the Director of the BOP. § 1B1.13, cmt. n.1.

None of the reasons offered by Rubio fall within these circumstances. First, although his medical records confirm that he suffers from underlying health conditions (Dkt. 179-2 at 2-10), he does not provide documentation demonstrating that he suffers from a terminal illness or that his medical conditions substantially diminish his ability to provide self-care.[3] *See* U.S.S.G. § 1B1.13, cmt. n.1. Rather, the record reflects that his health conditions are regularly treated with medication and remain under observation by medical personnel. (Dkt. 179-2). Second, although he is at least 65 years old, he fails to demonstrate, through documentation, that he is experiencing a serious deterioration in physical or mental health. Third, he has not presented family circumstances to justify compassionate release. Last, to the extent Rubio contends that his age, "alone or in combination with [his] medical conditions, is another basis for relief" (Dkt. 179 at 13-14), his circumstances do not warrant a reduction in sentence under application note (D), especially when considering the factors listed in the BOP's Program Statement 5050.50, available at

---

[3] *See, e.g.*, *United States v. Higginbotham*, No. 3:12-cr-125-J-34JRK, 2020 WL 6393836, at *1 (M.D. Fla. Nov. 2, 2020) (denying compassionate release to an inmate suffering from obesity and asthma, and finding that these conditions do not qualify as extraordinary conditions); *United States v. Anderson*, No. 2:16-cr-92-RDP-JEO, 2020 WL 5513419, at *3 (N.D. Ala. Sept. 11, 2020) (finding no extraordinary and compelling reason for release even though the defendant was obese and "at a greater risk of suffering from COVID-19"); *United States v. Hayes*, No. 3:18-cr-37-J-34JBT, 2020 WL 3611485, at *2 (M.D. July 2, 2020) (holding obesity and hypertension "alone or in combination with Covid-19" are not extraordinary); *United States v. Copeland*, No. 3:11-cr-281-J-34JBT, 2020 WL 4193554, at *2 (M.D. Fla. July 21, 2020) (finding that hypertension treated by medication is "hardly an extraordinary condition" warranting release); *United States v. Heromin*, No. 8:11-CR-550-T-33SPF, 2019 WL 2411311, at *1-2 (M.D. Fla. June 7, 2019) (noting that defendants cannot "self-diagnose their own medical conditions" and denying compassionate release due to absence of corroboration from medical provider that defendant is unable to provide self-care or suffers a serious medical condition).

https://www.bop.gov/policy/progstat/5050_050_EN.pdf. (last accessed Dec. 22, 2020), and 18 U.S.C. § 3553(a).

As for his contention that extraordinary and compelling reasons exist because "incarceration enhances" the risks associated with COVID-19 (Dkt. 179 at 11), courts in this Circuit, with which I agree, have held that "general concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13." *See Smith*, 2020 WL 2512883, at *4. And to the extent he contends that district courts have discretion to determine whether a defendant has presented an extraordinary and compelling reason independent of U.S.S.G. § 1B1.13 (Dkt. 179 at 14, 17-19), courts in this Circuit, also with which I agree, have rejected that contention.[4] *See, e.g.*, *United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at *1 (S.D. Ga. Dec. 10, 2019). Even if district courts have discretion to independently determine what constitutes an extraordinary and compelling reason, Rubio has failed to demonstrate an adequate basis to warrant compassionate release. And although he cites the sentencing factors in 18 U.S.C. § 3553, in the absence of an extraordinary and compelling

---

[4] Rubio's reliance on *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020) is unpersuasive. In *Brooker*, the Second Circuit held that "despite Application Note 1(D), the First Step Act freed district courts to exercise their discretion in determining what are extraordinary circumstances." *Id.* at 234. The court explained that "[b]ecause Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants [as compared to those brought by the Bureau of Prisons], Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling. . . . The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" *Id.* 236, 237-38 (quoting 28 U.S.C. § 994(t)) (emphasis and alterations in original). First, *Brooker* is not binding authority. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th. Cir. 1981) ("Under the established federal legal system the decisions of one circuit are not binding on other circuits."). Second, the Eleventh Circuit has not determined that U.S.S.G. § 1B1.13 does not apply to compassionate release motions brought by defendants. *See United States v. Griffin*, 815 F. App'x 503, 504 (11th Cir. 2020) (noting that district courts must "find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission" before reducing a term of imprisonment).

reason or another basis to warrant a reduction, this Court declines to reduce his sentence.[5] *See* 18 U.S.C. § 3582(c)(1).

In summary, the reasons Rubio asserts for compassionate release are not encompassed within the "extraordinary and compelling" circumstances in the policy statement of § 1B1.13, even if considered in combination with the criteria in the application notes, and are therefore inconsistent with the policy statement in § 1B1.13. Accordingly, relief cannot be granted, and the motion is **DENIED**.

**DONE AND ORDERED** this 23rd day of December, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

[5] Even if extraordinary and compelling reasons exist, the section 3553(a) factors do not weigh in favor of Rubio's release. Those factors aid the court in imposing a sentence that is "sufficient, but not greater than necessary . . . to reflect the seriousness of the offense and to promote respect for the law, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment." *United States v. Powers*, 790 F. App'x 176, 182 (11th Cir. 2019) (citing 18 U.S.C. § 3553(a)). In addition to these factors, "[t]he court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant . . . ." *United States v. Gonzalez-Villanueva*, 810 F. App'x 809 (11th Cir. 2020) (citations omitted). Indeed, Rubio's criminal history is extensive. *See* (Dkt. 158 at ¶¶ 35-41). When he was sentenced in this case, he was 48 years old, had been designated a career offender under the Sentencing Guidelines, and was in a criminal history category six, the highest criminal history category. Reducing his sentence, therefore, would not reflect the seriousness of his offense, promote respect for the law, provide just punishment for his past behaviors, or adequately deter criminal conduct in the future.